```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

FILED
00 APR 14 PM 2:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

ATLANTIC ALLIANCE FIDELITY )
AND SURETY COMPANY,        )
                           )
     Plaintiff,            )
                           )
vs.                        ) Civil Action No. CV-99-S-3045-S
                           )
CHRISTOPHER W. WOODS and   )
CASSANDRA A. WOODS,        )
                           )
     Defendants.           )

ENTERED
APR 14 2000

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for summary judgment (Doc. No. 9). Defendants failed to respond to that motion. Upon review of the motion, plaintiff's supporting brief (Doc. No. 11), plaintiff's evidentiary submission (Doc. No. 8), and the pleadings (Doc. Nos. 1 & 4), the court finds that plaintiff's motion is due to be granted.

### I. FACTUAL BACKGROUND

Plaintiff, Atlantic Alliance Fidelity and Surety Company, is a New Jersey corporation that acted as surety to a principal, Magic City Construction, Inc., in the issuance of "certain performance and payment bonds on various construction projects within the State of Alabama."[1] Magic City Construction, along with defendants, Christopher W. Woods and Cassandra A. Woods, jointly and severally

---

[1] Complaint for exoneration of surety (Doc. No. 1) ¶ 4.



entered into an "Agreement of Indemnity" with plaintiff prior to the issuance and execution of the bonds. The agreement provided that Magic City Construction, as well as defendants in their individual capacities, would "indemnify and hold Atlantic Alliance harmless from and against all loss, costs and expenses, including attorney's fees, sustained or occurred by Atlantic Alliance by reason of the issuance of any bonds on behalf of Magic City."[2] The "Agreement of Indemnity" provided, in relevant part:

> The Contractor [Magic City Construction] and Indemnitors [Christopher and Cassandra Woods] shall indemnify, keep indemnified and hold harmless the Surety [Atlantic Alliance] from and against all demands, claims, loss, cost, damages, investigation and other expenses, attorneys and other fees, and against any and all liability therefore, sustained or incurred by the Surety by reason of executing or procuring the execution of any said Bonds, or any other Bonds, which may be heretofore or hereinafter be executed on behalf of the Contractor, or renewal or continuation thereof, or sustained or incurred in the prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, recovering or attempting to recover any salvage in connection therewith or enforcing by litigation or otherwise any of the agreements herein contained. Payment of amounts due Surety hereunder together with legal interest shall be payable upon demands.[3]

Magic City Construction "failed to complete the projects and pay

---

[2] Affidavit of Gail Latham, attached as Exhibit A to plaintiff's notice of filing affidavit (Doc. No. 8), at ¶ 2. Christopher Woods is the President of Magic City Construction.

[3] Exhibit 1 to Latham affidavit.

various claimants for labor and materials furnished on the projects, and has otherwise defaulted in its obligations under the bonds issued by Atlantic Alliance."[4] Atlantic Alliance has thus incurred expenses in the amount of $2,447,803.06 to date, in order to "satisfy claims under the various performance and payment bonds issued on Magic City's behalf, including attorney's fees and consulting fees."[5] Defendants have not performed their obligations as set forth in the "Agreement of Indemnity." Accordingly, Atlantic Alliance seeks a judgment against defendants, as indemnitors, in the amount of $2,447,803.06.

## II. DISCUSSION

Defendants have not responded to plaintiff's motion. The court notes defendants were given notice of the dates by which they should submit any materials in opposition to plaintiff's motion. *See* Submission order relating to plaintiff Atlantic Alliance Fidelity and Surety Company's motion for summary judgment (Doc. No. 10). Therefore, it cannot be seriously contended that defendants were unaware of their burdens under Federal Rule of Civil Procedure 56.

---

[4] Complaint for exoneration of surety ¶ 4.

[5] Latham affidavit ¶ 3. An itemized account of Atlantic Alliance's expenses relating to Magic City Construction's default can be found at Exhibit 2 to Latham's affidavit.

Further, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant did not adduce evidence in support of claim and failed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Plaintiff argues summary judgment is due to be granted as to its one claim for relief. Viewing the evidence in a light most favorable to defendants, this court concludes plaintiff's arguments are correct. Moreover, as defendants have made no effort to supplement the record or otherwise meet their Rule 56 burden,

despite notice that they should do so, summary judgment is appropriate. Accordingly, the court adopts plaintiff's arguments as its own, and finds plaintiff's motion is due to be granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 14th day of April, 2000.

                                              United States District Judge